TROMBLY *v.* KLERSY.

JUDGMENT—COLLATERAL ATTACK—CONTEMPT.

> Refusal of the circuit court in chancery to dismiss a creditor's bill on the ground of adequate remedy at law cannot be attacked in proceedings to adjudge defendant guilty of contempt in refusing to obey an order requiring him to assign certain property to a receiver.

Appeal from Wayne; Mandell, J. Submitted November 14, 1906. (Docket No. 150.) Decided December 17, 1906.

Bill in aid of execution by Robert Trombly, guardian of the person and estate of Joseph Buhler, an incompetent, against Andrew Klersy. An order was made requiring defendant to appear before a circuit court commissioner and assign certain property to a receiver. From an order adjudging defendant guilty of contempt in refusing to comply with said order, he appeals. Affirmed.

*De Forest Paine* and *Charles E. Hilton,* for complainant.

*William Look,* for defendant.

HOOKER, J. The appellant was defendant in the above-entitled cause, against whom a decree was rendered requiring him to appear before a circuit court commissioner and assign certain property to a receiver, provided for therein. A summons was issued, commanding him to appear before the circuit court commissioner, who issued the same, for the purpose of complying with such order. He refused to obey the summons, and an order was issued commanding him to appear in the circuit court and show cause why he should not appear before the commissioner, and execute such assignment, in obedience to the sum-

mons, and why he should not be punished as for a contempt in refusing to obey said order, first mentioned, and the summons of the commissioner.

The defendant appeared in response to the order, and questioned the jurisdiction of the court, upon the grounds:

1. That the order appointing the receiver was void, because the court had no jurisdiction to make the same.

2. Because the court should have quashed the summons as prayed in his petition of April 18, 1906, upon several grounds stated therein.

The court adjudged him in contempt and that his misconduct tended to defeat and impair the rights and remedies of the complainant and ordered that said Klersy appear before the commissioner within 24 hours from the signing of the order, and that he then and there comply with the terms of the order of December 30th, and that in default thereof he be imprisoned in the Wayne county jail for the period of 30 days from the date of said order. Instead of complying, the defendant has appealed.

Three different times the defendant has sought to review the action of the circuit judge in the proceedings and orders of the circuit court in the case, and in each instance the appeal has been dismissed. His counsel now endeavor upon this appeal to accomplish the same thing sought to be accomplished by those appeals. We cannot consider such questions further than to determine whether that court had jurisdiction to make the order of December 30th.

The bill was a creditor's bill, and it was enough to say that it was a case within the jurisdiction of the circuit court in chancery. It may have been called upon to determine whether under the facts it should dismiss the bill upon the ground that there was an adequate remedy at law, but its determination cannot be attacked collaterally, as is attempted here. There is nothing upon this record requiring a reversal of the order last appealed from. It shows a disobedience of an order, and a proper hearing upon an order to show cause why defendant's disregard of the order should not be punished. The final order ren-

dered in the contempt proceeding was conditioned on his compliance with the original order for which a further opportunity was given.

The order appealed from is affirmed, with costs, and the cause remanded for further proceedings.

CARPENTER, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.